IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 98-30049 |
| ) | |
| MELVIN LOGAN, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Public Defender's Motion to Withdraw as Counsel (d/e 66). The Court appointed the Federal Defender's Office to represent Defendant in filing a motion for reduction of sentence based on the retroactive Amendment in the Guidelines range for cocaine base offenses. Text Order entered May 19, 2009. The Federal Defender's Office wishes to withdraw because it has concluded that Defendant Logan is ineligible for a reduction in sentence.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

[I]n the case of a defendant who has been sentenced

1

> to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Logan was sentenced by this Court on August 31, 1999, to 360 months imprisonment on Count 1 and 57 months imprisonment on Count 10, with the sentences to run concurrently. In imposing this sentence, the Court held Logan accountable for more than five kilograms of crack cocaine. Transcript of August 31, 1999 Sentencing (d/e 35), p. 21. Under the applicable Guidelines, this resulted in a base offense level of 38.

Prior to the adoption of Amendment 706, the Guidelines set distribution of 1.5 kilograms of crack cocaine as the threshold for the maximum base offense level of 38. See United States v. Cole, 2008 WL 3992691, at *1 (C.D. Ill. Aug. 20, 2008). Amendment 706 changed the threshold for the base offense level of 38 to 4.5 kilograms of crack cocaine. Id. Thus, the sentence reduction possibility created by Amendment 706 "affects only defendants who are responsible for distributing fewer than 4.5

kilograms of crack cocaine." United States v. Forman, 553 F.3d 585, 590 (7th Cir. 2009). Even under an amended Guidelines calculation, Logan still would have a base offense level of 38. For this reason, the Federal Public Defender's Office has concluded that Defendant does not qualify for a sentence reduction and has moved to withdraw.

THEREFORE, the Federal Public Defender's Motion to Withdraw as Counsel (d/e 66) is ALLOWED. Defendant is allowed to pursue this matter pro se. Defendant shall file with this Court no later than July 8, 2009, a pleading that either: (a) concedes that the Amendment does not apply to his case, or (b) explains why the Amendment applies in spite of the fact that he was held accountable for more than 4.5 kilograms of crack cocaine.

IT IS THEREFORE SO ORDERED.

ENTER: June 8, 2009

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE